1  TODD M. LANDER (BAR NO. 173031)
   todd.lander@ffslaw.com
2  CAROL CHOW (BAR NO. 169299)
   carol.chow@ffslaw.com
3  FREEMAN, FREEMAN & SMILEY, LLP
   1888 Century Park East, Suite 1500
4  Los Angeles, California 90067
   Telephone: (310) 255-6100
5  Facsimile: (310) 255-6200

6  Attorneys for Secured Creditor
   GEMELLI GROUP LLC, assignee of
7  GEMCAP LENDING I, LLC



FILED & ENTERED

APR 01 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

In re:

ZACKY & SONS POULTRY, LLC,

   Debtor.

Case No. 2:18-bk-23361-RK

Chapter No. 11

**ORDER GRANTING IN PART AND DENYING IN PART GEMELLI GROUP LLC'S MOTION TO SET ASIDE RELIEF FROM STAY ORDER**

Date:  March 30, 2021
Time:  2:30 p.m.
Place: Videoconference

//
//
//

4919223.1

The Amended Motion of Gemelli Group LLC to Set Aside Relief from Stay Order (the "Motion") came on regularly for hearing on March 30, 2021, at 2:30 p.m., in the above-entitled Court, the Hon. Robert Kwan presiding.  Todd M. Lander and Carol Chow of Freeman, Freeman & Smiley, LLP appeared on behalf of secured creditor and moving party, Gemelli Group LLC, assignee of GemCap Lending I, LLC ("Gemelli").  Kathryn M.S. Catherwood of Gordon Rees Scully Mansukhani LLP appeared on behalf of Thomas Dahlen ("Dahlen") and Marvin Scheidt ("Scheidt").  Todd M. Arnold of Levene, Neale, Bender, Yoo & Brill L.L.P. appeared on behalf of the Debtor, Zacky & Sons Poultry, LLC.  Cathrine M. Castaldi of Brown Rudnick LLP appeared on behalf of the Creditor's Committee.

The Court, having considered Gemelli's Motion [Docket Nos. 523-524, 527], the Joinder of the Debtor to the Motion [Docket No. 528], the Joinder of the Creditor's Committee to the Motion [Docket No. 525], Dahlen and Scheidt's Opposition to the Motion [Docket No. 532], Gamelli's reply thereto [Docket No. 533], the Joinder of the Debtor in the reply [Docket No. 534], the Joinder of the Committee in the reply [Docket No. 535] the other papers and evidence submitted, and the arguments of counsel, and based thereon and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED in part and DENIED in part.  The Court's Tentative Ruling for the March 30, 2021 Hearing, a true and correct copy of which is attached hereto as **Exhibit A**, is hereby adopted as the Court's Final Ruling on the Motion (the "Court's Ruling").

2. Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, made applicable to this case by Rule 9024 of the Federal Rules of Bankruptcy Procedure, the following provision delineated in strikethrough font below, contained in paragraph 11 of the July 22, 2020 Order Granting Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 [Docket No. 487], is deleted as void for the reasons set forth in the Court's Ruling:

> 11. The automatic stay is terminated as to Movant and Darwin Select Insurance Company (together with its successors and assigns, the "Insurance Company"), to authorize Insurance Company to pay defense costs, subject to the terms and conditions of the insurance policy number

4919223.1

0309-9815 ("Insurance Policy"), ~~and any recovery against the Movants in the Non-Bankruptcy Action shall be limited to recovery from the Insurance Policy, subject to the terms and conditions of the Insurance Policy~~.

3.    The balance of the relief requested in the Motion is DENIED for the reasons set forth in the Court's Ruling.

Approved as to form:

_____
Kathryn M.S. Catherwood, Esq.
GORDON REES SCULLY MANSUKHANI LLP
Counsel for Thomas Dahlen and Marvin Scheidt

_____
Todd M. Arnold, Esq.
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Counsel for the Debtor
Zacky & Sons Poultry, LLC

_____
Cathrine M. Castaldi, Esq.
BROWN RUDNICK LLP
Counsel for the Creditors Committee

# # #

Date: April 1, 2021

_____
Robert Kwan
United States Bankruptcy Judge

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

4919223.1

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Tuesday, March 30, 2021**                                                      **Hearing Room**    **1675**

<u>2:30 PM</u>
**2:18-23361    Zacky & Sons Poultry, LLC**                                                **Chapter 11**

    **#12.00**       Hearing re: Gemelli Group LLC's motion to set aside relief from stay order

                      Docket     523

    **Tentative Ruling:**

    Revised tentative ruling as of 3/29/21. Having considered the moving, opposing and reply papers, the court issues the following revised and updated tentative ruling granting the amended motion of movant Gemelli Group LLC to set aside relief from stay order in part and denying it in part.

    Regarding the request of respondents Dahlen and Scheidt for judicial notice, grant the request to the extent that the court will take judicial notice that the exhibits attached thereto are copies of pleadings and orders filed in this bankruptcy case.

    Regarding the evidentiary objections of respondents Dahlen and Scheidt to the declaration of declarant Todd Landers, sustain the objections as to declarant's statements reciting and characterizing legal proceedings and claims and motives of respondents' counsel in taking certain actions on grounds of best evidence and improper legal opinion, but overrule the objections to declarant's testimony regarding communications with respondents' counsel and circumstances regarding the lack of opposition to respondents' stay relief motion and his firm's practices during the pandemic. The court would, however, consider the disallowed testimony as further argument of declarant as movant's counsel.

    Grant motion to set aside stay relief order in part pursuant to FRBP 60(b)(4) by modifying the order to delete as void the provision in paragraph 11 of the order that "any recovery against the Movants in the Non-Bankruptcy Action shall be limited to recovery from the Insurance Policy, subject to the terms of conditions of the Insurance Policy" because the bankruptcy court lacked subject matter jurisdiction to enter such substantive relief on the merits in a noncore litigation matter involving only nondebtor parties which it had previously remanded to the state court, that is, movant's predecessor in interest had claims against respondents for negligent misrepresentation,

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

**Tuesday, March 30, 2021**                                                                 Hearing Room     1675

**2:30 PM**
**CONT...**     **Zacky & Sons Poultry, LLC**                                                                   **Chapter 11**

gross negligence and breach of fiduciary duty with respect to representations made to it.  See In re Baird, 114 B.R. 198, 204 (9th Cir. BAP 1990) (recognizing "the principle that a corporate officer or director who engages in tortious conduct is personally liable for the tort, notwithstanding the fact that the officer may have acted on behalf of the corporation").  In this regard, the Settlement Agreement was not a limitation on movant's right to recovery on its claims since the Settlement Agreement only dealt with recovery from the insurance policy only and not in excess of the policy limits which is not covered by the Settlement Agreement as any alleged liability of respondents to movant's predecessor in interest would be direct.  Respondents have not shown that the bankruptcy court had subject matter jurisdiction to issue relief on the remanded noncore claims as a condition of granting stay relief, and thus, it would appear that the case cited by respondents, VSP Labs, Inc. v. Hillair Capital Investments LP, 619 B.R. 883 (N.D. Tex. 2020), is distinguishable.  The totality of circumstances indicates that movant was not accorded due process by the notice of the stay relief motion seeking the release of liability above the insurance policy limits as the notice of motion was not specifically addressed to movant, that the motion specifically affected its substantive rights by capping its claims to relief at the insurance policy limits (i.e., the request for relief was stated in the passive voice to eliminate any reference to a direct adverse effect on movant as shown in paragraph 4.g of the motion ("Insurance seeks order providing relief from stay to confirm that it may pay defense costs subject to the terms and conditions of policy and any recovery against defendants in action is limited to recovery from the policy." and on page 5 of the memorandum of points and authorities in support of the stay relief motion (". . . Defendants request that any recovery in the [State Court] Action be limited to recovery from the Insurance Policy.", that such requested relief would affect movant's rights in the remanded state court action because it sought to limit movant's substantive rights in that action as opposed to the bankruptcy case, and that the notice of motion and motion was not served on lead counsel for movant as represented in the proof of service, which negates the effect of, in the court's view, the prior communications between respondents' counsel and movant's lead counsel regarding a possible stipulation regarding this relief as a different attorney was served with the stay relief motion by NEF, especially in light of the working conditions during the pandemic as indicated by the Landers Declaration.  Respondents' notice in the stay relief motion was not reasonably calculated to

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Tuesday, March 30, 2021**                                                          **Hearing Room    1675**

<u>2:30 PM</u>
**CONT...    Zacky & Sons Poultry, LLC                                               Chapter 11**

give effective notice to movant of the relief sought in this provision, and did not meet the following requirement: "[t]he notice must be of such nature as reasonably to convey the required information ... and it must afford a reasonable time for those interested to make their appearance."  In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985), citing and quoting, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 300, 314 (1950).

Deny motion to set aside stay relief order in part pursuant to FRBP 60(b)(4) or (6)  to delete as void the provision in paragraph 11 of the order that "The automatic stay is terminated as to Movant and Darwin Select Insurance Company (together with successors and assigns, the 'Insurance Company'), to authorize Insurance Company to pay defense costs, subject to the terms and conditions of the insurance policy number 0309-9815 ('Insurance Policy'). . . ."  as movant has not shown that the court's order to grant stay relief to allow the insurance company to pay defense costs if it was proper pursuant to the terms and conditions of the policy was erroneous and void. See Respondents' Opposition at 24-25, citing, In re Mila, 423 B.R. 537 (9th Cir. BAP 2010) and In re Daisy Systems Securities Litigation, 132 B.R. 752, 755 (N.D. Cal. 1991); Rosing Declaration at 3 and Exhibit A attached thereto (copy of insurance policy and D&O coverage provisions as attachment to email correspondence); see also, In re Hoku Corp., No. 13-40838, 2014 WL 1246884 (Bankr. D. Idaho Mar. 25, 2014).   In granting stay relief, the court only determines whether the party seeking stay relief should be released from the stay to argue the merits of its claim in a separate proceeding by showing only that it has a colorable claim to the subject property, but the stay relief proceeding is summary in nature and does not determine the merits of the claim.  See In re Griffin, 719 F.3d 1126, 1128 (9th Cir. 2013), citing In re Johnson, 756 F.2d 738, 740 (9th Cir. 1985) and In re Veal, 450 B.R. 897, 914 (9th Cir. BAP 2011).

For purposes of FRCP 60(c), the motion was made within reasonable time, as within the general one year maximum time period for FRCP 60(b) motions, there is good reason based on the disruption to normal business operations of movant's counsel due to pandemic, the circumstances surrounding the litigation as the bankruptcy court had remanded the removed noncore action to state court, the relief granted should have been considered in the state court action and lack of notice to lead counsel for movant contrary to the

# United States Bankruptcy Court
# Central District of California
Los Angeles
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Tuesday, March 30, 2021**                                                                 **Hearing Room    1675**

2:30 PM
**CONT...**    **Zacky & Sons Poultry, LLC**                                                         **Chapter 11**

representation of service on the proof of service, and no showing of any prejudice from delay on respondents. See In re Pacific Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989). The court notes that the Ninth Circuit has observed that although FRCP 60(c) requires that a Rule 60(b)(4) motion "be made within a reasonable time," if a judgment is void, a motion to set it aside may be brought at any time. In re Center Wholesale, Inc., 759 F.2d at 1448-1449.

Deny movant's request for an order that respondents Dahlen and Scheidt and Darwin Select Insurance Company provide a full and detailed accounting of all funds and other benefits allegedly improperly dissipated in violation of movant's security interest and that requires prompt turnover of such funds on grounds of the lack of cited legal authority for the court to issue such an order and of insufficient showing that any such funds and benefits distribution to respondents was improper.

Deny movant's request for an order that that the court schedule a hearing for sanctions to award legal fees incurred in setting aside the allegedly illegal relief from stay order on grounds of the lack of cited legal authority for the court to impose sanctions against respondents.

Appearances are required on 3/30/21, but counsel and self-represented parties must appear through Zoom for Government in accordance with the court's remote appearance instructions. Because this matter is anticipated to require extensive argument, the court will call the other matters on calendar first and expects that this matter will be called no earlier than 2:45 p.m.

| **Party Information** |
|---|

**Debtor(s):**

    Zacky & Sons Poultry, LLC            Represented By
                                            Ron Bender
                                            Juliet Y Oh
                                            Todd M Arnold
                                            Lindsey L Smith
                                            Riley C. Walter